JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE TAMARISK RD. TRUST UDT 8/19/2020, PROPER T VIEW INC, AS TRUSTEE,<br><br>　　　　　　Plaintiff,<br><br>　　　v.<br><br>MICHAEL J. PRIETO, an individual; and DOES 1-10,<br><br>　　　　　　Defendants. | Case No. 22-cv-00650-SPG-SP<br><br>**ORDER GRANTING MOTION TO REMAND [ECF NO. 10]** |

　　　Plaintiff The Tamarisk Rd. Trust UDT 8/9/2020, PROPER T VIEW, INC. as Trustee ("Plaintiff") commenced an unlawful detainer action against Michael J. Prieto ("Defendant") in state court. Defendant removed Plaintiff's complaint on April 14, 2022. Before the Court is Plaintiff's motion to remand (ECF No. 10), which is fully briefed. The Court has read and considered the matters raised with respect to the motion and concluded that this matter is suitable for decision without oral argument. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15. Having considered the submissions of the parties, the relevant law, and the record in this case, as well as those filings for which the parties have requested the Court take judicial notice, the Court hereby GRANTS Plaintiff's Motion and REMANDS

-1-

the case to the Superior Court of California for the County of Riverside. The Court also GRANTS Plaintiff's request for attorney fees.

## I. BACKGROUND

On or about February 1, 2021, Plaintiff filed in the Superior Court of California, County of Riverside, a civil action against Defendant and others concerning certain real property identified in the complaint as being located at 2170 East Tamarisk Road, Palm Springs, California 92262 (the "Property"). The verified complaint asserted causes of action against Defendant for declaratory relief, ejectment and trespass, and to quiet title (the "Quiet Title Case").[1] (ECF No. 19-1).

On December 14, 2021, Plaintiff filed in the Superior Court of California, County of Riverside, a second civil action against Defendant for Unlawful Detainer After Foreclosure pursuant to California Code of Civil Procedure (CCP) section 1161a (hereinafter referred to as the "UD Complaint or UD Case"). (ECF No. 1-1 at 13). The UD Complaint demands from Defendant immediate possession of the same Property identified in the Quiet Title Case as being located at 2170 East Tamarisk Road, Palm Springs, California 92262. Paragraph 5 of the UD Complaint alleges Plaintiff "took title to the subject property" through a foreclosure sale held on or about August 19, 2020, and thereafter received an executed and recorded Trustee's Deed Upon Sale, a copy of which Plaintiff attaches to the UD Complaint as an exhibit and incorporates into the UD Complaint by reference. (ECF No. 1-1 at 14). The Trustee's Deed, dated August 25, 2020, provides that it conveys to Plaintiff a residential leasehold interest in the Property. On

---

[1] The Court grants the parties' respective requests to take judicial notice of the state court filings from the underlying litigation, as well as the filings in the related state civil action filed on February 1, 2021, Case No. CVPS2100537. (ECF Nos. 12, 16, and 19). *See* Federal Rules of Evidence 201; *see also Reyna Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006) (holding that it is appropriate to take judicial notice of court filings and other matters of public record such as pleadings, briefs, memoranda, motions, and transcripts filed in the underlying and related litigation).

January 12, 2022, Defendant was served with the summons and UD Complaint. (ECF No. 12-10).

On or about March 9, 2022, Defendant moved in the Quiet Title Case for leave to file a cross-complaint against Plaintiff and to consolidate both civil cases. (*See* ECF No. 16-1). On March 22, 2022, the superior court denied Defendant's motion for leave to file a cross-complaint, finding that Defendant had offered no excuse for the delay in presenting the claims he wished to add. (ECF No. 12-2). Further, the superior court denied Defendant's motion to consolidate, reasoning that Defendant "failed to show a likelihood of prevailing on his title-based claims, such that there is no cause to disrupt the ordinary timing of unlawful detainer proceedings." (ECF No. 12-2). Trial was scheduled to begin on April 21, 2022.

On April 14, 2022, Defendant removed the UD Case to the Central District of California pursuant to 28 U.S.C. §§ 1441(f) and 1442(a) essentially asserting that the district court has exclusive federal jurisdiction and that this civil action is brought against a property holder whose title is derived from a federal agency or officer. (ECF No. 1). On May 6, 2022, Plaintiff moved to remand the case back to the superior court arguing that under Title 28, United States Code, section 1446(b), Defendant's notice of removal is untimely because Defendant did not file the notice of removal within thirty days of receiving the UD Complaint. (ECF No. 10); *see also* 28 U.S.C. § 1447(c). Defendant argues in opposition to the motion that his notice of removal is timely because the basis for removal did not become apparent until April 8, 2022, when Plaintiff asserted a "new federal claim" in oppositions it filed to Defendant's motion for judgment on the pleadings in the UD Case by writing in one opposition that Plaintiff "has owned the Subject Property since August 25, 2020" and referencing in a second opposition CCP section 1161. (*See* ECF No. 15 at 2; ECF Nos. 16-1 and 16-2 (the "April 8 Filings")). Defendant argues these two references "substantially changed" Plaintiff's position regarding Plaintiff's claim of title since the filing of Plaintiff's UD Complaint.

Plaintiff replies that it has not asserted a "new federal claim" authorizing removal and that Plaintiff has always maintained it has a possessory interest in the Property, as set forth in the UD Complaint.

## II. LEGAL STANDARD

Title 28, United States Code, section 1446(b) sets forth the time requirements for filing a notice of removal. It provides in pertinent part:

> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .
>
> (3) . . ., if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The initial thirty-day removal period under section 1446(b)(1) is triggered "if the case stated by the initial pleading is removable on its face." *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). Removability must be ascertainable from "'examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry.'" *Id.* at 886 (quoting *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005)).

The second thirty-day removal period is triggered "if the initial pleading does not indicate that the case is removable, and the defendant receives 'a copy of an amended pleading, motion, order or other paper' from which removability may first be ascertained." *Id.* at 885 (citing 28 U.S.C. § 1446(b)). "In other words, even if a case were not removable at the outset, if it is rendered removable by virtue of a change in the parties or other circumstance revealed in a newly-filed paper, then the second thirty-day window is in play." *Harris*, 425 F.3d at 694 (internal quotation omitted).

## III. ANALYSIS

### A. Timeliness of Removal

"When the defendant receives enough facts to remove on any basis under section 1441, the case is removable, and section 1446's thirty-day clock starts ticking." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006). In the Ninth Circuit the "statutory removal deadline [under 1441] is 'imperative and mandatory, must be strictly complied with, and is to be narrowly construed.'" *Kang v. Allied Consultants, Inc.*, No. 5:21-cv-00149-MCS-SP, 2021 WL 1010629, at *1 (C.D. Cal. Mar. 15, 2021) (quoting *United States ex rel. Walker v. Gunn*, 511 F.2d 1024, 1026 (9th Cir. 1975)). Conversely, "the Supreme Court has mandated a generous interpretation of the federal officer removal statute." *Durham*, 445 F.3d at 1252 (citing *Colorado v. Symes*, 286 U.S. 510, 517 (1932)). Nevertheless, a federal officer has only 30 days to remove an action from "when the plaintiff discloses sufficient facts for federal officer removal, even if the officer was previously aware of a different basis for removal." *Id.* at 1253. Although the time limits under section 1446 are procedural rather than jurisdictional, they are "mandatory and a timely objection to a late petition will defeat removal ...." *Smith v. Mylan Inc.*, 761 F.3d 1042, 1045 (9th Cir. 2014) (quoting *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1980)).

Plaintiff filed the UD Complaint on December 14, 2021, and served Defendant on January 12, 2022. On April 14, 2022, well past the 30-day period, which expired on February 11, 2022, and only one week before trial was scheduled to begin, Defendant removed the UD Case. Plaintiff thereafter timely filed the present motion to remand as an objection to the timing of Defendant's removal. *See* 28 U.S.C. § 1447(c).

The bases for Defendant's removal under sections 1441 and 1442 were apparent on the face of the UD Complaint. The UD Complaint prominently indicates on the first page that it is a "Complaint for unlawful detainer after foreclosure" and identifies the Property at issue. (ECF No. 1-1 (citing CCP § 1161a)). To ascertain removal under section 1441, as Defendant recognizes, CCP 1161a "applies to claims of possession following a sale of

property and this statute uniquely requires that the Plaintiff plead and prove perfected title," and "the state court is without jurisdiction to resolve disputed claims of title to such property" in an unlawful detainer action. (ECF No. 1 at 2; ECF No. 15 at 7). To ascertain removal under section 1442, the UD Complaint clearly represents "a civil action brought against a property holder whose title is derived from an agency or officer of the United States." (ECF No. 1 at 4; ECF No. 15 at 5-6). Whether Defendant qualifies as a property holder under section 1442 does not negate the fact that he was aware based on the four corners of the Complaint that he could seek removal on that basis. Therefore, the Court finds that Defendant's removal was untimely under Title 28, United States Code, section 1446(b).[2]

### B. Plaintiff's April 8 Filings

Defendant contends that his delay in seeking removal is justified because in the April 8 Filings Plaintiff "added a new and substantial federal claim by asserting that it is the owner of Indian Trust land." (ECF No. 15 at 4). Specifically, Plaintiff alleged in one of those filings that it "has owned the Subject Property since August 25, 2020[,]" and, in the other, Plaintiff made a passing reference to CCP section 1161 rather than 1161a. Based on this, Defendant asserts that Plaintiff's case transformed from a dispute over possessory rights to one over ownership.

In response, Plaintiff argues that a single "sentence in a pleading does not . . . justify Prieto's untimely Notice of Removal" and Defendant "seeks to take advantage of Plaintiff's colloquial use of the term 'owned' erroneously referencing ownership of the Subject Property versus ownership of the Leasehold Interest in the Subject Property."

---

[2] The Court need not decide whether Plaintiff's claims qualify for federal subject matter jurisdiction under either section 1441 or 1442 because the Court finds that Defendant's removal was untimely for both. *See, e.g., IntelliTikes, LLC v. Jordan*, No. CV-15-02205-PHX-NVW, 2016 WL 723001, at *2-3 (D. Ariz. Feb. 24, 2016) (remanding untimely removal "without deciding whether there is federal jurisdiction" under section 1441); *Harris v. CBS Corp.*, No. 18-cv-07572-YGR, 2019 WL 913619, at *3-4 (N.D. Cal. Feb. 25, 2019) (remanding untimely removal despite existence of federal officer jurisdiction).

(ECF No. 18 at 2). Plaintiff points out that, aside from two apparent scrivener's errors, Plaintiff at all times maintained that the underlying case is an action for unlawful detainer under CCP 11161a, as evidenced on the first page of the UD Complaint.

The Court agrees with Plaintiff. The two sentences from the April 8 Filings did not change the nature of the UD Case. *See Olguin v. Int'l Paper Co.*, No. CV 16-01865-AB (EX), 2016 WL 1643722, at *2 (C.D. Cal. Apr. 26, 2016) (remanding case for lack of jurisdiction despite plaintiff's "scrivener's error" that may have suggested otherwise). Accordingly, Defendant's deadline to file a notice of removal was February 11, 2022, thirty days after Plaintiff served the UD Complaint.

### C. Attorney Fees

A district court may, in its discretion, "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of [improper] removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). As the Supreme Court explained, "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources." *Id.* at 140. The rationale behind section 1447's fee-shifting provision is to reduce "the attractiveness of removal as a method for delaying litigation and imposing costs on the plaintiff." *Id.*

The Court finds that Defendant did not have an objectively reasonable basis for removal, and that an award of fees and costs is warranted. First, the underlying record in the UD Case objectively demonstrates that Defendant knew he could seek removal *before* the April 8 Filings. One of those filings was Plaintiff's opposition to Defendant's motion for judgment on the pleadings *based on federal court exclusive jurisdiction* filed on April 8, 2022. (ECF No. 16-1). Therefore, Defendant necessarily filed his motion for judgment based on alleged federal court exclusive jurisdiction *before* April 8. The evidence suggests that Defendant's removal attempt may have been a ploy to delay the underlying litigation.

Second, Defendant did not address Plaintiff's request for fees and costs in his opposition, (*see* ECF No. 15), thereby conceding the reasonableness of Plaintiff's request. *See Kayfes v. BMW of N. Am., LLC*, No. CV 22-2438-FMO (PVCx), 2022 WL 2802325, at *2 (C.D. Cal. July 18, 2022).

Plaintiff seeks an award of $6,281.50, which consists of $4,331.50 in attorney's fees incurred to file the Motion to Remand, plus $1,950.00 fees "Plaintiff anticipates it will incur through the hearing on its Motion to Remand." (ECF No. 10 at 2). Plaintiff's counsel submitted a declaration to substantiate the fees incurred, in which counsel provides that $1,950.00 will include "the preparation of a reply to the opposition" and "appearing at the hearing on this Motion to Remand." (ECF No. 11 at 2). Because the Court took Plaintiff's Motion to Remand under submission without a hearing, Plaintiff did not incur the entirety of $1,950.00 in fees. (ECF No. 23). Therefore, the Court awards Plaintiff $5,306.50 in attorney's fees pursuant to Title 28, United States Code, section 1447(c), which consists of $4,331.50 to file the Motion to Remand and $975.00 (half) of the anticipated fees for filing the reply brief and attending the hearing.

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the Motion and REMANDS the case to the Superior Court of California for the County of Riverside. The Court GRANTS Plaintiff's request for $5,306.50 in attorney's fees. The Clerk shall close the file and terminate all pending matters.

**IT IS SO ORDERED.**

DATED: August 4, 2022

HON. SHERILYN PEACE GARNETT
UNITED STATES DISTRICT JUDGE